UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 330-1 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| JERMAINE SMITH | ) | |

MOTION OF THE UNITED STATES FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE

The UNITED STATES OF AMERICA, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and in support thereof submit the following:

1. On June 9, 2009, an indictment was returned charging defendant JERMAINE SMITH and co-defendant Jamar C. Jones with bank robbery in violation of 18 U.S.C. § 2113(a).

2. The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. On February 26, 2010, the United States filed a bill of particulars for forfeiture of certain property seized that constituted or was derived from, and traceable to, proceeds obtained directly or indirectly as a result of the defendant's violations including but not limited to, funds in the amount of $601,626, including $78,571 in cash, as well as assorted jewelry, seized on or about April 8, 2009, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c).

4. On March 25, 2010, defendant JERMAINE SMITH entered a voluntary plea of guilty to Counts Two, Three and Five of the indictment, thereby making certain property named in

the indictment subject to forfeiture pursuant to the provision of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.      Pursuant to the terms of the plea agreement, as a result of his violations of 18 U.S.C. § 2113(a), the defendant agreed that the $78,571 in cash, as well as assorted jewelry, seized on or about April 8, 2009 is subject to forfeiture.

6.      Defendant JERMAINE SMITH further agreed to the entry of the preliminary order of forfeiture before or at the time of sentencing, relinquishing any right, title and interest he has in the property and allowing the property to be disposed of according to law.

7.      Accordingly, the United States requests that this Court enter a preliminary order of forfeiture against the defendant JERMAINE SMITH, for certain property because the property either constituted or was derived from proceeds obtained directly or indirectly as a result of the defendant's violations.

8.      Upon entry of a preliminary order of forfeiture, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the United States Marshal shall seize and take custody of the foregoing funds and jewelry for disposition as the according to law.

9.      Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so notified, including but not limited to: co-defendant Jamar Jones, through his attorney Robert Clarke.

10. Pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts a legal claim in the property which has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph nine (9), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury.

11. Following the Court's disposition of all third parties interests, upon the government's motion, the Court shall, if appropriate, enter a final order of forfeiture, as to the property which is the subject of the this preliminary order of forfeiture, vesting clear title in the United States of America.

12. The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant JERMAINE SMITH and included in any judgment and commitment order entered in this case against him.

WHEREFORE, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim P. 32.2, the United States requests that the Court enter a preliminary order of forfeiture as to $78,571 in cash, as well as assorted jewelry, seized on or about April 8, 2009 in accordance with the draft preliminary order of forfeiture which is submitted herewith.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney


    By: /s/ Matthew Madden
      MATTHEW MADDEN
      Assistant United States Attorney
      219 South Dearborn Street, Room 500
      Chicago, Illinois 60604
      (312) 353-5300

August 24, 2010