UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 330-1 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| JERMAINE SMITH | ) | |

### FINAL ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a final order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On June 9, 2009, an indictment was returned charging defendant JERMAINE SMITH and co-defendant Jamar C. Jones with bank robbery in violation of 18 U.S.C. § 2113(a);

(b) The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c) On February 26, 2010, the United States filed a bill of particulars for forfeiture of certain property seized that constituted or was derived from, and traceable to, proceeds obtained directly or indirectly as a result of the defendant's violations including but not limited to, funds in the amount of $601,626, including $78,571 in cash[1], as well as assorted jewelry, seized on or about April 8, 2009, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c);

---

[1] The currency was miscounted because it was partially burned and the Bureau of Printing and Engraving converted it and the actual total is $80,266.

(d) On March 25, 2010, defendant JERMAINE SMITH entered a voluntary plea of guilty to Counts Two, Three and Five of the indictment, thereby making certain property named in the indictment and bill of particulars subject to forfeiture pursuant to the provision of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(e) On August 25, 2010, this Court entered preliminary order of forfeiture forfeiting any interest defendant JERMAINE SMITH had in $78,571 in cash, as well as assorted jewelry, seized on or about April 8, 2009 and directing the United States Marshal Service to seize and take custody of the property, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c). Further, the United States was ordered to publish notice of its intent to forfeit the foregoing property and to dispose of the property according to law;

(f) Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), beginning on October 9, 2010 and continuing for at least 30 consecutive days, notice of the criminal forfeiture was posted on an official government internet site;

(g) The Preliminary Order of Forfeiture was served pursuant to the district court's ECF system as to ECF filers. Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), no other parties are known to have an interest in the property and accordingly, no other parties were served with a copy of the notice of publication and preliminary order of forfeiture;

(h) To date, no petitions have been filed requesting a hearing to adjudicate any interest in the foregoing property, and the time in which to do so has expired.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, all right, title and interest of defendant JERMAINE SMITH and any third

party in $80,266 in cash, as well as assorted jewelry, seized on or about April 8, 2009, is hereby forfeited to the United States of America for disposition according to law;

    2.    That, pursuant to the provisions of 18 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following entry of this order, the United States shall have clear title to the foregoing property and shall dispose of the property according to law;

    3.    That, upon entry of the final order of forfeiture, matters relating to the restoration of forfeited property to the victim in this case will then be addressed by the Attorney General, pursuant to the provisions of 21 U.S.C. § 853(i)(1), as incorporated by 28 U.S.C. § 2461(c). It is further ordered,

    4.    This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

HARRY D. LEINENWEBER
United States District Judge

DATED: 8/3/12

3